TROTTER v. ANGEL.

(Filed December 17, 1904).

1. NEGOTIABLE INSTRUMENTS—*Evidence—Consideration.*

> Where, in an action to recover on a bond given for the price of a
> livery business, one of the defendants testified that he had
> never had any talk with the obligee about his release from the
> bond until after he had sold his interest in the business to his
> partner, it was not error to refuse to permit defendant to
> testify further that he sold out his interest to his partner
> because he was to be released from liability on the bond, and
> that such release was part of the consideration.

2. NEGOTIABLE INSTRUMENTS—*Evidence—Harmless Error.*

> Where, in an action on a bond given for the price of a livery business,
> the court, at the request of one of the defendants, eliminated
> from the case the question of consideration inducing such de-
> fendant to sell his interest in the business to his partner,
> error, if any, in refusing to permit such defendant to testify
> that he sold his interest to his partner because he was to be
> released from liability on the bond, which was a part of the
> consideration, was harmless.

ACTION by H. G. Trotter against T. W. Angel, heard by
*Judge E. B. Jones,* and a jury, at Spring Term, 1904, of the
Superior Court of MACON County. From a judgment for
the plaintiff the defendant appealed.

*Horn & Mann,* for the plaintiff.
*Robertson & Benbow, Jones & Johnston* and *J. Frank Ray,*
for the defendant.

MONTGOMERY, J.   The defendants, Angel & Shepherd,
bought out the livery business of the plaintiff's assignor and
executed, together with the other defendant, Sheffield, as
surety, the sealed obligation mentioned in the complaint for
the payment of the purchase price, $825. It is admitted
that the contract was executed by the parties; that $572.38

had been paid on the contract, and that the plaintiff was the
owner thereof. The defendants Shepherd & Sheffield seek
to avoid their liability for the balance which remains due on
the contract by reason of an alleged release and discharge on
the part of the obligee. The position of the defendant Shep-
herd is that the obligee agreed with him and the defendant
Angel that if he, Shepherd, would sell out his interest in the
livery business to Angel, the obligee would release him from
his contract and agreement and look to Angel only for its ful-
fillment; that he did transfer and assign his interest in the
business to Angel under that agreement, and that therefore
he is discharged from his original obligation.

The position of the defendant Sheffield is that he was only
a surety on the original obligation; that Shepherd was dis-
charged and released by the obligee from liability on the
original contract, and that therefore in law he was dis-
charged. The issues tendered by the defendants were: 1.
Is defendant Angel indebted to plaintiff, and if so, in what
sum? 2. Is defendant Shepherd indebted to plaintiff, and
if so, in what sum? 3. Is defendant Sheffield indebted to
plaintiff, and if so, in what sum?

The evidence was conflicting and contradictory. It was
offered to be shown by the defendant Shepherd, a witness for
the defendants, that he sold out his interest in the livery bus-
iness to Angel because he was to be released from the pay-
ment of liability on the bond and that that was part of the
consideration. We see no error in the refusal of his Honor
to receive that evidence. The witness had just said that he
had never had any talk with the obligee about his release
from the bond until after he had made the trade with Angel.
The question, therefore, did not relate to a release from the
bond by the obligee, but to what was said and done between
Shepherd and Angel. If that had been the understanding
between Shepherd and Angel it could not have affected the

obligee, for the reason that we have given, that is, that Shepherd had sold out and traded with Angel before he had had any conversation on the subject with the obligee. However, this witness was allowed to state that he would not have sold to Angel had he not thought he would be released, and that he received nothing from Angel but simply turned over his interest in the contract to him. If there had been error in the exclusion of the evidence it would have been harmless because his Honor at the request of the defendant Shepherd eliminated the question of consideration from the case and from the jury's consideration by giving the jury the following instructions: 1. "That if they shall find from the evidence that J. S. Trotter, one of the parties in the firm of H. G. Trotter & Son, said to T. W. Angel that if he, Angel, would buy out the interest of T. B. Shepherd in the livery business of Angel & Shepherd, that in that event he, J. S. Trotter, or the firm of H. G. Trotter & Son, would release Shepherd from liability on the contract sued on; and if the jury shall further find that Angel communicated this offer to Shepherd, and in consequence thereof Shepherd did sell out his interest in the livery business to Angel, then the Court charges you to answer the second issue 'No' and the third 'No.'" 2. "That if the jury shall find from the evidence that J. S. Trotter, of the firm of H. G. Trotter & Son, told the defendant Shepherd that he or the firm would release Shepherd from further liability on the contract sued on if he, Shepherd, would sell his interest in the livery business to Angel, and in consequence thereof Shepherd did sell his interest to Angel, then the Court charges you to answer the second and third issues 'No.'"

There was no error in the charge of the Court raised by section 3, for it is perfectly apparent that the word "chaffering" in the connection in which the Judge used it made the instruction consonant and of like import with the instructions

asked by the defendant Shepherd and quoted above. There being no error in the exclusion of the evidence referred to, and no error in the charge on the subject of the alleged release and discharge of the defendant Shepherd, it follows that there was no error in the case of which the surety Sheffield could complain, for his Honor, at the latter's request, told the jury (1) that if they "shall find from the evidence that the defendant Shepherd was simply surety for the defendants Angel & Shepherd on the contract sued on, and this fact was known to the plaintiff or his partner, J. S. Trotter, and shall further find from the evidence that the defendant Shepherd was released from further liability on the contract, as heretofore explained, then you shall answer the third issue 'No.' (2) If the jury shall find from the evidence that Shepherd was released by J. S. Trotter from further liability on the contract sued on, as heretofore explained, then you will answer the third issue 'No.' "

His Honor submitted the case fully and fairly to the jury with full and proper instructions on every point. The defendants were denied no proper evidence, and in fact probably got in some they were not strictly entitled to, and the jury simply accepted the evidence introduced by the plaintiff as true.

No Error.